IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHAVEZ PRICE | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv283 |
| WARDEN SIRI | § | |

## MEMORANDUM OPINION

Plaintiff Chavez Price, an inmate at the Jester IV Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several prison officials.[1]

## Procedural Background

On November 7, 2014, the court entered an order directing plaintiff to submit a statement certified by an appropriate prison official showing the average balance in and deposits into plaintiff's inmate trust account during the preceding six month period. Plaintiff was given 20 days to comply with the court's order. Plaintiff acknowledged receipt of the court's order on

---

[1] This case was directly assigned to the undersigned magistrate judge pursuant to this district's General Order 14-10. Plaintiff has provided voluntary written consent to have the assigned magistrate judge conduct all further proceedings in this case, including entry of final judgment, in accordance with 28 U.S.C. § 636. The defendants in this action have not been served with process and, as a result, have not appeared. As a result, their consent is not needed for the undersigned to make a final determination in this matter. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

November 19, 2014. However, plaintiff has not complied with the court's order or otherwise contacted the court regarding this matter.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any order of the court. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

By failing to comply with the order described above, plaintiff has failed to diligently prosecute this case. As a result, this case will be dismissed without prejudice for want of prosecution.

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate final judgment shall be entered. If plaintiff wishes to have this case reinstated on the court's docket, he may do so by providing the court with a copy of the statement described above within 60 days of the date set forth

below.

**SIGNED** this  29   day of       December      , 2014.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE